IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| HAMM & BARRY | : | CIVIL ACTION |
| v. | : | |
| IRA L. FRANK | : | NO. 05-50 |

MEMORANDUM

Bartle, C.J.                                                November 12, 2008

      The law firm of Hamm & Barry, a Virgin Islands partnership, has sued defendant Ira L. Frank, a citizen of Virginia, for tortious interference with a contractual relationship between Hamm & Barry and the Bluebeard's Castle Hilltop Villas Condominium Association ("Hilltop Villas"), an organization of time-share owners in St. Thomas. Defendant has now moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]  Subject matter jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332(a).

      It is well established that the plaintiff has the burden of proving personal jurisdiction once defendant challenges it. Patterson ex rel. Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990). The undisputed facts establish that Hamm & Barry was

---

[1] Defendant's motion also seeks to dismiss for lack of personal jurisdiction under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Rule 12(b)(3), however, concerns improper venue - a subject which defendant never mentions in his supporting briefs.

engaged to represent the Hilltop Villas in connection with a dispute with the resort developer.  Defendant at all times relevant was the owner of a one week interest in a time-share unit at the resort in question.  He also served as the President of the Board of Directors of the Hilltop Villas, an association consisting nearly exclusively of time-share holders at Bluebeard's Castle Resort.

Defendant, it is conceded, not only had phone conversations and e-mail correspondence with Hamm & Barry while he was in Virginia and Washington, D.C. but also had some in-person meetings in the Virgin Islands with the plaintiff law firm concerning the underlying dispute.

The Virgin Islands Long Arm Statute provides that a court may exercise personal jurisdiction over a person:  (1) transacting any business in this territory; (2) causing tortious injury by an act or omission in this territory; or (3) having an interest in, using, or possessing real property in this territory.  However, any "claim for relief [must] arise... from acts enumerated above."  5 V.I.C. § 4903(a)(1), (3), and (5).

Here, the claims in the complaint clearly arise from business defendant transacted in the Virgin Islands, from an alleged tortious injury caused here, and from an interest defendant and others had in real estate on St. Thomas.

In <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 320 (1966), the Supreme Court explained that jurisdiction over the person must comport with "our traditional conception of fair

play and substantial justice."  See also, Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).  The contacts of defendant with the Virgin Islands are more than sufficient to meet these criteria, and thus we may exercise personal jurisdiction over him in this action.

  Accordingly, the motion of defendant to dismiss the complaint for lack of personal jurisdiction will be denied.